## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZIPBY USA LLC, TMA GROUP OF COMPANIES LIMITED, and TMA CAPITAL AUSTRALIA PTY LTD,<br><br>              Plaintiffs,<br><br>v.<br><br>GREGORY PARZYCH,<br><br>              Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs ZipBy USA LLC ("ZipBy"), its parent TMA Group Companies Limited ("TMA Group"), and TMA Group's affiliate TMA Capital Australia Pty Ltd ("TMA Capital") (together with TMA Group, "TMA") file this Complaint for injunctive relief and damages against Defendant Gregory Parzych ("Parzych"), who was recently terminated from ZipBy for secretly conspiring to compete against ZipBy, TMA Group, and their affiliates and usurping ZipBy's corporate opportunities while acting as ZipBy's President.  This is an extreme case of a trusted, high level executive and entrepreneur who has been engaging in a pattern of secret self-dealing and disloyal activities toward the company he was entrusted to run, yet shows no understanding of the seriousness of his legal violations or the ramifications of his past and ongoing behavior. Parzych needs to be enjoined before he causes more harm to ZipBy.

ZipBy is a leading parking services technology company that has developed a ticketless parking system and sophisticated parking technology, including a smartphone-based app that allows drivers to enter and exit parking lots without using payment machines or stations or interacting with parking attendants.  ZipBy had hired Parzych, a major figure in the parking

industry with over 25 years of experience in the design, engineering, and deployment of intelligent traffic and parking management systems, based on his reputation and stature in the industry, compensated him generously, and entrusted him with its confidential and sensitive business, customer, and technical trade secret information.

ZipBy recently discovered, however, that Parzych has, among other things, usurped ZipBy's corporate opportunities for his personal benefit, including a strategic business acquisition opportunity, worked on at least two joint business ventures with ZipBy and TMA's competitors, and wrongfully accessed ZipBy's trade secrets and other confidential information.  Upon learning of Parzych's misconduct and dishonesty, ZipBy promptly terminated his employment and requested that he immediately cease this wrongful conduct, but Parzych blatantly disregarded ZipBy's requests.  Based on Parzych's brazen actions to date, his harmful behavior is likely to continue absent court intervention.  As a result, ZipBy and TMA seek preliminary and permanent injunctive relief, up to treble damages, attorneys' fees, and costs.

## PARTIES

1.      ZipBy is a limited liability corporation organized and existing under the laws of the State of Delaware with a place of business in Sudbury, Massachusetts.  ZipBy is a parking services technology company that has operations in the United States, Canada, and Australia.

2.      TMA Group is a business corporation organized and existing under the laws of the country of Australia with a place of business in Granville, Australia.  TMA Group specializes in acquiring and maximizing the profitability of innovative companies across a range of industries and has operations in Australia, Hong Kong, New Zealand, the Philippines, Thailand, and the United States.

3.      TMA Capital is a business corporation organized and existing under the laws of the

country of Australia with a place of business in Granville, Australia.  TMA Capital is an affiliate of TMA Group.

4.     Parzych is a resident of the Commonwealth of Massachusetts.  Parzych, a major figure in the parking industry, worked as the President of ZipBy from January 2016 to April 13, 2020.

## JURISDICTION AND VENUE

5.     The Court has personal jurisdiction over Parzych because he is a resident of the Commonwealth of Massachusetts.

6.     The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because ZipBy's claims against the Defendants for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*., and the Lanham Act, 15 U.S.C. § 1051, *et seq*., raise federal questions.  Pursuant to 28 U.S.C. § 1367, ZipBy's remaining claims arising under state law fall within this Court's supplemental jurisdiction because they are so related to the federal claims that they form part of the same case or controversy.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Parzych resides in this District and a substantial part of the events giving rise to this dispute occurred within this District.

## FACTUAL BACKGROUND

### I.   Parzych's Employment with ZipBy

8.     ZipBy is a leading parking services technology company that offers a range of technology-based solutions to facilitate the parking experience and revolutionize the way drivers park their cars.  ZipBy has developed a ticketless parking system and sophisticated technology, including a smartphone-based app that enables drivers to enter and exit parking lots without having

to interact with parking attendants or use parking payment machines or stations.

9.      Parzych is a major figure and pioneer in the parking industry, with technical and business expertise gained over decades and established relationships across the industry with customers, suppliers, and investors.

10.      In 2016, ZipBy hired Parzych as its President based on his reputation in the parking industry and the exceptional success he reported in founding and running his own company in the industry.

11.      On January 1, 2016, Parzych signed the employment agreement he negotiated with ZipBy (the "Employment Agreement").  A true and accurate copy of Parzych's Employment Agreement is attached as **Exhibit 1** (highlights added).

12.      The Employment Agreement contains provisions outlining Parzych's responsibilities both during his employment and following any termination of that employment, including a covenant not to compete with ZipBy and its affiliates, a covenant not solicit ZipBy's business or customers, a requirement of loyalty to ZipBy as its President, and requirements to protect and not misuse ZipBy's proprietary information.

13.      After Parzych's employment commenced, ZipBy instituted an Employee Handbook that Parzych helped ZipBy develop.  A true and accurate copy of the Employee Handbook as received by Mr. Parzych is attached as **Exhibit 2** (highlights added).

14.      The Employee Handbook contains a series of policies for ZipBy employees, including its policies on the use and monitoring of company property and the use and safeguarding of ZipBy's proprietary and confidential information.

**II.      ZipBy's Trade Secrets and Competitive Advantage**

15.      ZipBy and TMA have spent millions of dollars developing the intellectual property

that makes ZipBy a leader in the parking services technology industry.  A significant portion of the value of ZipBy's and TMA's business is contained in their trade secrets and intellectual property, including but not limited to trademarks, registered patents, pending patents, confidential software and hardware, technical know-how, customer lists, and sales and marketing data, all of which are owned or licensed by ZipBy.

16.     As President of ZipBy, Parzych had regular access to, and intimate knowledge of, ZipBy's trade secrets.

17.     ZipBy closely guards its trade secrets by requiring employees, including Parzych, to sign and be bound by agreements and policies governing the treatment of trade secrets and proprietary information, including the Employee Handbook.  ZipBy additionally limits access to its computer systems, technology, and data through password protection and other security measures, and permits access to trade secrets only to senior employees on a need-to-know basis, and to other parties only under the protection of signed non-disclosure agreements.

18.     The proprietary hardware and software systems ZipBy's engineers have developed are the essential ingredients of ZipBy's commercial success, competitive advantage, and strong position in a competitive and innovative industry.  ZipBy and TMA's competitors include parking services technology companies located across the globe.  The parking services technology industry is relatively small, but very competitive.  In some instances, a company's suppliers can also be its competitors.

19.     One such ZipBy and TMA competitor is Q-Free ASA ("Q-Free"), a Norwegian parking services company.  Q-Free owns TCS International, Inc., ("TCS"), a parking guidance systems company that is also a ZipBy and TMA competitor.  Parzych founded TCS in 1999 and sold TCS to Q-Free for about $7 million in approximately late 2012.

### III.   ZipBy's Potential TCS International, Inc. Acquisition

20.     In January 2020, ZipBy became aware that Q-Free was seeking to sell TCS. Realizing that TCS could be a profitable and strategically sound acquisition, ZipBy authorized Parzych to undertake due diligence for ZipBy's potential acquisition of TCS.

21.     After conducting initial due diligence, Parzych expressed his assessment that the TCS acquisition would be favorable to ZipBy.  ZipBy relied on his representations and encouraged him to conduct additional due diligence.

22.     However, in an abrupt reversal, Parzych then recommended that ZipBy not purchase TCS.  In a January 21, 2020 email, Parzych said that TCS was not an attractive acquisition after reviewing TCS' "updated financials with order back log" on the basis that it was making "an aggressive pipeline projection based on the fact that much of [TCS's] product line is now antiquated."  A true and accurate copy of the January 21, 2020 email is attached as **Exhibit 3** (redactions added).

23.     In a subsequent telephone call with TMA, Parzych further explained that, among other things, the figures Q-Free provided were inaccurate, the gross profit number was aggressive on the projections, and all marketing costs were not included in the numbers and were being covered up by the Q-Free head office.  ZipBy and TMA relied on Parzych's recommendation and ceased efforts to acquire TCS.

### IV.   Parzych's Wrongful Conduct

24.     On March 12, 2020, ZipBy became aware of an email from Parzych to a third party concerning Parzych's potential purchase of TCS for his own account:

| | |
|---|---|
| **From:** | Greg Parzych <greg.parzych@zipby.company> |
| **Sent:** | Thursday, March 12, 2020 1:30 PM |
| **To:** | Klaus Gindl |
| **Subject:** | Re: corona virus |

Only I hope for a while
My stock portfolio is killing me
FYI I am buying back TCS
CONFIDENTIAL
A really good story 😊

**Greg Parzych**
President

_____

**ZipBy LLC USA**
22 Union Ave - Fl. 2, Suite 9
Sudbury, MA  01776

Tel:  + 1 978 443 4500
Mobile: +1 617 510 6472
www.zipby.us

A true and accurate copy of the March 12, 2020 email is attached as **Exhibit 4**.

25.     A subsequent review of emails on ZipBy's proprietary server that Parzych sent or received on his ZipBy email address and an @MJPGlobal.com email address, both of which he accessed from his ZipBy-issued and owned laptop and iPhone, revealed that Parzych engaged in numerous separate, secret, and unauthorized schemes that either competed with ZipBy and TMA in the parking industry or were otherwise contrary to the interests of ZipBy and TMA.

26.     For example, other emails confirmed that Parzych had continued working to acquire TCS for his own account.  It turns out Parzych conducted several weeks of secret discussions with Q-Free in order to acquire TCS.  Parzych worked with ZipBy's external accountant, Jennifer Prokowiew of B. Clark Taylor, CPA, PC, during the process.  His emails from this time discuss his highly positive assessment of the TCS deal, in stark contrast to the negative and critical assessment he gave when discouraging ZipBy from acquiring TCS.  A true and accurate copy of a March 9, 2020 email in which Parzych discusses the highlights of the TCS acquisition for his own benefit is attached as **Exhibit 5**.

27.     On or about March 19, 2020, Parzych agreed to acquire TCS from Q-Free.

Throughout the acquisition process, Parzych actively sought to conceal his efforts from TMA and ZipBy.  For example, in a series of emails from Parzych to Q-Free on March 15 and 16, 2020, Parzych said: "Somebody from QFree Australia is telling TMA that I am buying this company … We don't need this kid [sic, kind] of stuff swirling around … Loose lips sink ships as we know … Just nothing to TMA until all is clear."  A true and accurate copy of the March 15-16, 2020 email thread is attached as **Exhibit 6**.

28.     Parzych has also been secretly working to develop a ticketing-related joint venture with Fleischhauer ID's Halbach Group ("Halbach Group"), one of ZipBy and TMA's competitors in the ticketing business (https://fleischhauer-id.com/en/home.html; "Tickets and cards 'made by Fleischhauer' allow millions of people every day a quick and secure access to mass transportation systems and car parks.").  Since at the latest February 12, 2020, Parzych has been engaging in discussions with Fleischhauer ID and the Halbach Group about a joint venture, including sending a business proposal and high-level blueprint for the venture.

29.     In addition, since approximately October 30, 2019, Parzych has been attempting to develop a ticketing-related joint venture with the Toledo Ticket Company.  The Toledo Ticket Company is an active participant in the parking industry and competes against ZipBy and TMA in the ticketing business (https://www.toledoticket.com/products/#Athletic-Season-Parking; "We offer the widest variety of efficient and flexible ticketing solutions designed to keep parking for your athletic event running smoothly and successfully.").  Parzych never informed TMA or ZipBy of these efforts.

30.     ZipBy also learned of Parzych's secret scheme to purchase the building located at 22 Union Avenue, Sudbury, MA 01776, in which ZipBy leases office space to provide Parzych with a place to work on ZipBy business.  On April 4, 2019, he signed a purchase and sale agreement

for the building and subsequently signed a three-year lease extension for ZipBy with increased rent and a requirement that ZipBy pay a 10% property tax contribution to the landlord.  Parzych completed the purchase on or about April 29, 2020.

31.    ZipBy's investigation also revealed additional misconduct.  For example, in Parzych's @MJPGlobal.com email signature block, he listed himself as President of MJP Global, located at 22 Union Ave., Fl. 2 - Suite 9, Sudbury, MA 01776.  Although Parzych used the MJP Global name before he was hired as ZipBy's President, after joining ZipBy he was not authorized to operate MJP Global or to use ZipBy's offices for any purpose other than ZipBy business.

32.    Further, Parzych displays the ZipBy trademark and logo prominently in the "About GREG" section of the MJP Global website:



33.    Parzych also uses the ZipBy trademark and logo in the "Project Portfolio: Ticketless Mobile Parking" section of the MJP Global website, which contains an "About ZipBy™" description of ZipBy's business and products and features seven photographs of ZipBy parking kiosks:



34.     TMA Group, through TMA Capital, has registered two ZIPBY trademarks in the United States Patent and Trademark Office, and ZipBy is licensed to use all ZIPBY trademarks in the United States.  True and accurate copies of trademark Registration No. 5,220,185 for ZIPBY and Registration No. 5,153,071 for ZIPBY and design are attached as **Exhibit 7** and **Exhibit 8**.

35.     Parzych never received authorization to use the ZipBy name, logo, or trademarks for any purpose other than ZipBy business.

**V.     <u>Parzych's Termination and Post-Termination Conduct</u>**

36.     After learning of Parzych's misconduct, ZipBy retained a licensed security professional to coordinate termination of Parzych from ZipBy.

37.     On April 13, 2020, Parzych was served with a set of termination documents, given several baskets of personal items he had left in ZipBy's office, and instructed to abide by the requirements outlined in the termination documents.  That same day, ZipBy installed a security camera system to monitor the ZipBy office.

38.     The termination documents explained that Parzych was prohibited from entering the ZipBy office or accessing ZipBy physical or intellectual property, required to return all ZipBy property, including all ZipBy proprietary information, laptops, cellphones, and keys, and asked to sign a Certificate of Compliance with the Employment Agreement provisions relating to the treatment of proprietary information.

39.     Parzych failed to comply with these requirements.  For example, Parzych retained at least one office key, failed to return any mailbox keys, refused to sign the Certificate of Compliance upon termination, and apparently wiped the data from his ZipBy-issued iPhone. Further, as detailed in part in a Sudbury Police Department Police Report, Parzych also entered the ZipBy office without authorization after his termination.  A true and accurate copy of the Sudbury Police Department Police Report is attached as **Exhibit 9.**

40.     The following security camera footage (with red circles added) captured Parzych removing documents and other items from the ZipBy office when he entered post-termination without authorization:





41.     Parzych subsequently disabled ZipBy's security cameras without authorization.

42.     Parzych also violated the restrictive covenants in his Employment Agreement after his termination by continuing to pursue his ventures in competition with ZipBy and TMA and by soliciting at least one ZipBy customer.

## COUNT I: BREACH OF FIDUCIARY DUTY

43.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 42.

44.     Parzych owed a fiduciary duty to ZipBy based on his role as ZipBy's President and most senior U.S. executive.

45.     Parzych breached his duty to ZipBy and TMA by, among other things:

- Usurping ZipBy's and TMA's corporate opportunities for his personal benefit;

- Engaging in self-dealing without ZipBy's or TMA's knowledge or approval; and

- Failing to discharge his duties as President in good faith and in the best interests of ZipBy.

46.     Parzych's conduct has caused immediate and irreparable harm and injury to Plaintiffs.

## COUNT II: BREACH OF CONTRACT

47.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 46.

48.     The Employment Agreement entered in 2016 is a binding and enforceable agreement between ZipBy and Parzych.

49.     The Employment Agreement extends benefits to affiliates of ZipBy, which includes TMA Group.   TMA Group and other TMA affiliates are third party beneficiaries of the Employment Agreement.

50.     ZipBy performed its obligations under the Employment Agreement, and may have exceeded those obligation by paying Parzych's salary for 90 days post termination.

51.     Parzych has breached the terms of the Employment Agreement by, among other things:

- Competing with ZipBy, TMA Group, and their affiliates during his employment and within 18 months of the termination his employment;

- Soliciting ZipBy's customers within 18 months of the termination his employment; and

- Accessing and/or disclosing ZipBy's trade secret, proprietary, and confidential information without authorization.

52.     The covenants not to compete within the Employment Agreement are reasonable in time and scope and serve the legitimate business purpose of protecting ZipBy's confidential information and goodwill.

53.     Parzych's conduct has caused immediate and irreparable harm and injury to ZipBy, TMA Group, and their affiliates and will continue to damage ZipBy, TMA Group, and their affiliates unless enjoined by this court.

## COUNT III: MISAPPROPRIATION OF TRADE SECRETS UNDER DEFEND TRADE SECRETS ACT, 18 U.S.C. §§ 1836, *et seq*.

54.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 53.

55.     ZipBy and TMA Group derive independent economic value and business advantage by having exclusive use of their trade secrets, including but not limited to unpublished patent applications, confidential software and hardware, technical know-how, customer lists, and sales and marketing data.  Their trade secrets are not generally known to, and not readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use. ZipBy and TMA Group make reasonable efforts to maintain the secrecy of their trade secrets. These trade secrets are related to ZipBy's products used in, or intended for use in, interstate and foreign commerce, and ZipBy and TMA Group have invested millions of dollars in their development and protection.

56.     Parzych's conduct, including acquiring ZipBy's and TMA Group's trade secrets by improper means, and/or disclosing their trade secrets without their express or implied consent, and/or after termination from ZipBy accessing or seeking to access ZipBy's and TMA Group's trade secrets and confidential information, constitutes actual or threatened misappropriation.

57.     Parzych's misappropriation of trade secrets has been willful and malicious.

58.     Parzych's conduct has caused immediate and irreparable harm and injury to Plaintiffs and their goodwill, and will continue to damage Plaintiffs unless enjoined by this court.

59.     ZipBy and TMA are entitled to injunctive relief, and an award of damages for actual loss and unjust enrichment, exemplary damages, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(A)–(D).

### COUNT IV: MISAPPROPRIATION OF TRADE SECRETS UNDER MASSACHUSETTS UNIFORM TRADE SECRETS ACT, M.G.L. c. 93, §§ 42, *et seq.*

60.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 59.

61.     ZipBy and TMA Group derive independent economic value and business advantage by having exclusive use of their trade secrets, including but not limited to unpublished patent applications, confidential software and hardware, technical know-how, customer lists, and sales and marketing data.  These trade secrets are not generally known to, and not readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use. ZipBy and TMA Group make reasonable efforts to maintain the secrecy of their trade secrets, and they have invested millions of dollars in their development and protection.

62.     Parzych's conduct, including acquiring ZipBy's and TMA Group's trade secrets by improper means, disclosing their trade secrets without their express or implied consent, and/or accessing or seeking to access their trade secrets and confidential information after termination, constitutes actual or threatened misappropriation.

63.     Parzych's misappropriation of trade secrets has been willful and malicious.

64.     Parzych's conduct has caused immediate and irreparable harm and injury to Plaintiffs and their goodwill, and will continue to damage Plaintiffs unless enjoined by this court.

65.     ZipBy and TMA are entitled to, among other relief, injunctive relief, and an award

of damages for actual loss and unjust enrichment, exemplary damages, and reasonable attorneys'

fees and costs pursuant to Mass. Gen. Laws ch. 93, §§ 42A–42C.

### COUNT V: FEDERAL TRADEMARK INFRINGEMENT UNDER
### § 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

66.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 65.

67.    Parzych's unauthorized use in commerce of TMA Capital's federally-registered

ZIPBY trademarks, Registration No. 5,220,185 for ZIPBY and Registration No. 5,153,071 for

ZIPBY and design, which are licensed to ZipBy, is likely to deceive consumers as to the origin,

source, sponsorship, or affiliation of Parzych's goods and services, and is likely to cause

consumers to believe, contrary to fact, that Parzych's goods and services are sold, authorized,

endorsed, or sponsored by ZipBy and/or TMA, or that Parzych is in some way affiliated with or

sponsored by ZipBy and/or TMA.

68.    Parzych's conduct constitutes infringement of the ZIPBY registered trademarks in

violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

69.    Parzych has committed these acts of infringement with full knowledge of Plaintiffs'

prior rights in the ZIPBY registered trademarks and with the willful intent to cause confusion and

trade on Plaintiffs' goodwill.

70.    Parzych's conduct has caused immediate and irreparable harm and injury to

Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and

confuse the public unless enjoined by this court.

71.    Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual

damages, Parzych's profits, enhanced damages and profits, reasonable attorneys' fees, and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

### COUNT VI: FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION

**UNDER § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

72.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 71.

73.     Parzych's unauthorized use in commerce of TMA Capital's ZIPBY trademarks, logo, and trade dress is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Parzych's goods or services, and is likely to cause consumers to believe, contrary to fact, that Parzych's goods or services are sold, authorized, endorsed, or sponsored by ZipBy and/or TMA, or that Parzych is in some way affiliated with or sponsored by ZipBy and/or TMA.

74.     Parzych's unauthorized use in commerce of the ZIPBY trademarks, logo, and trade dress constitutes use of a false designation of origin and misleading description and representation of fact.

75.     Parzych's conduct is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Parzych with Plaintiffs.

76.     Parzych's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     Parzych's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court.

78.     Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Parzych's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

**COUNT VII: COMMON LAW TRADEMARK INFRINGEMENT**

79.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78.

80.     Parzych's use of TMA Capital's ZIPBY trademarks and trade dress constitutes

common law trademark infringement, palming, or passing off of ZipBy's goods and services as those of Parzych, and unprivileged imitation, all of which create in the mind of the public the impression that ZipBy is responsible for the quality and performance of Parzych's goods and services or is otherwise connected to or associated with Parzych.

81.     Parzych's acts constitute trademark infringement and unfair competition, all in violation of Plaintiffs' rights under the common law of the Commonwealth of Massachusetts.

82.     Parzych's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court.

## COUNT VIII: TRESPASS

83.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 82.

84.     At all relevant times, Plaintiffs held legal and actual possession to the ZipBy office.

85.     When ZipBy terminated Parzych's employment, he was informed that he was prohibited from accessing the ZipBy office.

86.     On at least two occasions after he was terminated, Parzych gained unauthorized access to the ZipBy office.

87.     Parzych's conduct has caused immediate and irreparable harm and injury to Plaintiffs, and will continue to damage Plaintiffs unless enjoined by this court.

## COUNT IX: CONVERSION

88.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 87.

89.     At all times relevant to this action, ZipBy had an ownership or possessory interest in the property to which it gave Parzych access.

90.     As part of his employment responsibilities, ZipBy issued Parzych or gave him

access to certain ZipBy property.

91.     When ZipBy terminated Parzych's employment, it demanded that he return all of the ZipBy property in his possession.

92.     Parzych refused to return ZipBy's property, including at least one office key and one mailbox key, and continues to intentionally and wrongfully exercise control or dominion over ZipBy's property.

93.     Parzych's conduct has caused immediate and irreparable harm and injury to Plaintiffs.

## JURY DEMAND

ZipBy demands a trial by Jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs ZipBy and TMA respectfully request that the Court:

A.     Enter judgment in favor of Plaintiffs on all counts of this Complaint;

B.     Award Plaintiffs damages in an amount to be determined at trial;

C.     Preliminarily and permanently enjoin Parzych from competing with ZipBy, TMA Group, and their affiliates and from any business activity that is competitive or potentially competitive in the automobile parking industry until October 13, 2021;

D.     Preliminarily and permanently enjoin Parzych from soliciting, diverting, handling, or servicing the account or business of any ZipBy customer until October 13, 2021;

E.     Preliminarily and permanently enjoin Parzych from accessing, using, or disclosing any of ZipBy's trade secret, proprietary, or confidential information;

F.     Preliminarily and permanently enjoin Parzych from using or displaying the ZIPBY registered and unregistered trademarks, tradename, and logo;

G.      Preliminarily and permanently enjoin Parzych from accessing the ZipBy office located at 22 Union Avenue, Suite 9, Sudbury, MA 01776;

H.      Award Plaintiffs attorneys' fees, costs, pre-judgment interest, post-judgment interest, Parzych's profits and gains, and up to treble damages; and

I.      Grant such other relief as the Court deems just and proper.

Respectfully submitted,

ZIPBY USA LLC, TMA GROUP OF
COMPANIES LIMITED, and TMA CAPITAL
AUSTRALIA PTY LTD,

By their counsel,

*/s/ John J. Cotter*
John J. Cotter (BBO # 554524)
john.cotter@klgates.com
Julia L. Mitarotondo (BBO # 696080)
julia.mitarotondo@klgates.com
R. Nicholas Perkins (BBO # 705758)
nicholas.perkins@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

Dated: May 14, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2020 the above document is being served on counsel for Gregory Parzych by electronic mail per counsel's agreement.

*/s/ John J. Cotter*
John J. Cotter