```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ZIPBY USA LLC, TMA GROUP OF COMPANIES LIMITED, and TMA CAPITAL AUSTRALIA PTY LTD,<br>          Plaintiffs<br><br>v.<br><br>GREGORY PARZYCH,<br><br>     Defendant. | No. 20-cv-10926-DPW |

**REPORT AND RECOMMENDATION ON PLAINTIFFS'**
<u>**MOTION TO AMEND COMPLAINT**</u>

DONALD L. CABELL, U.S.M.J.

**I.    <u>INTRODUCTION</u>**

Plaintiffs Zipby USA, LLC, TMA Group of Companies Limited, and TMA Capital Australia Pty Ltd (together "Zipby") contend that defendant Gregory Parzych secretly conspired to compete against them by usurping Zipby's corporate opportunities while acting as Zipby's president.  Among other claims, the complaint alleges in Count II that the defendant through his conduct breached his 2016 Employment Agreement.  The plaintiffs now move to amend Count II to include two other signed agreements they contend the defendant breached, one of which was included in the original complaint and both of which "concern the same facts already at issue in this case".  (D. 113).  The defendant

opposes.  (D. 122).  I recommend for the reasons below that the motion to amend be ALLOWED.

## II. RELEVANT FACTUAL BACKGROUND

The current complaint, filed on May 14, 2020, alleges in Count II that the defendant's 2016 Employment Agreement was a "binding and enforceable" agreement which the defendant breached by competing with the plaintiffs, soliciting Zipby's customers following his termination, and exploiting Zipby's proprietary information.  (D. 1, ¶¶ 48-51).  A signed copy of the Employee Agreement is attached to the complaint as an exhibit.  (D. 1-1).

The complaint also alleges in the narrative portion that the defendant helped to develop an "Employee Handbook" containing policies "on the use and monitoring of company policy" among other things.  (Id., ¶¶ 13-14).  The complaint does not allege a breach of the Employee Handbook but an unsigned copy is attached as an exhibit.  (D. 1-2).  The plaintiff also produced a copy of the unsigned Employee Handbook to the defendant as part of routine discovery.  (D. 115, Perkins Decl., ¶ 5).

The plaintiffs aver that they subsequently in mid-September 2020 discovered a copy of the Employee Handbook signed by the defendant, as well as a signed copy of another company document known as the Zipby Employee Nondisclosure, Inventions and Intellectual Property Agreement (the "IP Agreement").  Based on

this discovery, the plaintiffs propose to amend Count II to allege a breach of each in addition to the Employee Agreement, based essentially on the same conduct.

With respect to the Employee Handbook, the proposed amended complaint repeats the allegation that it "contains a series of policies for Zipby employees, including its policies on the use and monitoring of company property and the use and safeguarding of Zipby's proprietary and confidential information". The defendant reportedly signed it on June 7, 2019.  (D. 113-2, ¶¶ 14-15).

With respect to the IP Agreement, the proposed amended complaint alleges that it too was signed on June 7, 2019, and "sets forth Parzych's responsibilities during and after his employment with regard to Zipby's trade secret, proprietary, and confidential information, Zipby's property, and third party trade secret, proprietary, and confidential information."  (Id., ¶¶ 16-17).

The proposed amended complaint alleges that the defendant "accessed and used without authorization confidential information of TCS and Q-Free" that had been entrusted to ZipBy. (Id., ¶ 29).  Based on this and the original complaint's allegations, the proposed amended complaint expands the scope of Count II to allege that the Employee Agreement, Employee

Handbook and IP agreement were each "binding and enforceable" agreements breached by the defendant.  (Id., ¶¶ 50-58).

### III. DISCUSSION

A party seeking to amend a complaint more than 21 days after "service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f)" must seek leave of court to do so. Fed. R. Civ. P. 15(a).  When deciding a motion to amend, the court's task is to determine whether "justice . . . requires" that leave to amend be granted, a determination that requires the Court to "examine the totality of the circumstances and to exercise its informed discretion in construing a balance of pertinent considerations."  *Id.*; *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).  "Reasons for denying leave [to amend] include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gange v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, where a scheduling order setting out a deadline for amendment exists, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)."  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).  "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice

4

to the party-opponent." *Id.* "Nonetheless, prejudice to opposing parties and the burden on the court remain factors that the court should take into account." *Murphy v. Harmatz*, Civil Case No. 13-CV-12839-MAP, 2016 WL 7468801, at *2 (D. Mass. Dec. 28, 2016). To show good cause, a party must demonstrate that despite their diligence the deadline in the scheduling order could not be reasonably met. *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F.Supp.2d 296, 298 (D. Mass. 2011). "The heightened good cause standard is...meant to preserve the integrity and effectiveness of Rule 16(b) scheduling orders." *Kane v. Town of Sandwich*, 123 F.Supp.3d 147, 158 (D. Mass. 2015) (internal quotation and alteration marks omitted).

The "good cause" standard applies here where the plaintiffs seek leave to amend their complaint after the deadline set by the original scheduling order (June 26, 2020). Applying that standard, the court finds that the plaintiffs have met their burden.

First, the record reflects that the plaintiffs discovered signed copies of the Employee Handbook and IP Agreement in September 2020, approximately only four months after the initiation of their suit, and within two days of their discovery produced copies of the documents to the defendant, and thereafter moved to amend. Even accepting that the plaintiffs

5

always had an unsigned copy of the Employee Handbook, and may have known of the existence of the IP Agreement, no one has suggested that it was unreasonable to wait to allege a breach of each document until signed copies of the same could be located. Similarly, even assuming the plaintiffs could have been expected to discover signed copies the agreements sooner than they did where they were in possession of the defendant's employment records, the facts as a whole do not suggest undue delay or dilatory motive on the plaintiffs' part in moving to amend when they did.

The defendant argues that an amendment would nonetheless be prejudicial because he has not been able to conduct discovery on the two documents and the plaintiffs were seeking to limit "any reasonable extension" of the fact discovery deadline.  However, the court has mooted this concern by extending the deadline for fact discovery to give the defendant sufficient time to investigate the plaintiffs' claims.  Moreover, although some additional discovery will of course be necessary, the amendments are not likely to result in substantially more discovery where they do not appear to substantively alter the plaintiffs' theory of liability or the evidence they would otherwise rely upon to prove a breach.  Indeed, the plaintiffs presumably would be entitled to rely upon unsigned copies of the Employee Handbook and IP Agreement to show the defendant acted improperly

6

regardless of whether those documents were included as the subject of a breach of contract claim.  Consequently, I find that amending the complaint as proposed would not prejudice the defendant and the plaintiffs therefore have shown good cause.

To be sure, the defendants argue that it would be futile to amend because the Employee Handbook and IP Agreement, while reportedly signed by the defendant, were not countersigned by ZipBy, or supported by consideration, and therefore would not be enforceable.  In so arguing, however, the defendant does no more than to argue the merits of the proposed claims, that is, he argues that the plaintiffs ultimately will not be able to prove he breached a contract once the documents have been considered in light of all the evidence.  Even assuming the defendant is correct, his argument is unavailing here because it misstates the futility inquiry at the motion to amend stage; in this context, futility means that the complaint as amended would fail to state a claim upon which relief could be granted.  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  Thus, when "reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman*, 90 F.3d at 623 (citation omitted).  Under Federal Rule of Civil Procedure 12(b)(6) a court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent

7

with the allegations." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d at 61, 66 (1st Cir. 2004) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

    Here, the proposed amended complaint states a valid claim for breach of contract where it asserts that the defendant, as consideration for his continued employment, signed agreements reflecting his acknowledgment of certain terms and conditions, and then acted in contravention of those terms and conditions. While it remains to be determined whether the plaintiffs' claims actually have merit, the court finds that they do as framed assert valid claims for relief. *See e.g., Lee v. Howard Hughes Medical Institute*, 457 F. Supp. 3d 9, 12 (D. Mass. 2020) (noting that employee handbook may in certain circumstances constitute an enforceable contract).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs Zipby and TMA's Motion for Leave to File and Amended Complaint (D. 113) should be ALLOWED.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  November 17, 2020

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b), will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See *Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); see also, *Thomas v. Arn*, 474 U.S. 140 (1985).