```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ZIPBY USA LLC, TMA GROUP OF COMPANIES LIMITED, and TMA CAPITAL AUSTRALIA PTY LTD,<br><br>            Plaintiffs,<br><br>v.<br><br>GREGORY PARZYCH,<br><br>            Defendant. | Civ. A. No. 20-cv-10926-DPW |

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**MOTION TO VACATE PRELIMINARY INJUNCTION (D. 178)**

Plaintiffs TMA Group of Companies Limited, its affiliate TMA Capital Australia PTY LTD (TMA), and its North American arm, ZipBy USA LLC Group of Companies Limited (ZipBy), brought suit against defendant Gregory Parzych, ZipBy's former president, for among other things breaching his fiduciary duty and employment agreement by discouraging them from buying TCS International (TCS), a possible acquisition he was tasked with evaluating, so he could then surreptitiously buy it for himself.  ZipBy and TCS are both involved in the parking industry, but ZipBy has traditionally focused on methods of collecting parking revenue while TCS has focused on parking guidance systems to aid drivers in finding available parking spaces.  Parzych asserts among other things that

he was entitled to pursue TCS because the plaintiffs chose to forgo acquiring it and because it is not a ZipBy competitor.

After commencing suit the plaintiffs also sought a temporary restraining order (TRO) and preliminary injunction to keep Parzych from purchasing TCS. (D. 2). On May 22, 2020, the court entered a TRO after finding that the plaintiffs had demonstrated a likelihood of success on the merits with respect to their breach claims. The court accordingly enjoined "Parzych, his agents, servants, employees, and attorneys, all persons in active concert with them . . . from pursuing in any way the consummation of the purchase of TCS International, Inc. from Q-Free ASA." (D. 26). On June 17, 2020, the court entered a preliminary injunction to the same effect upon expiration of the TRO. (D. 54).

The defendant moves to vacate the preliminary injunction on the ground that facts revealed during discovery show that the plaintiffs are no longer likely to succeed on the merits of their breach-related claims; the plaintiffs oppose.[1] (D. 178, 201). A party seeking to vacate a preliminary injunction bears the burden of showing by a preponderance of the evidence that the circumstances have so changed as to justify its dissolution. *Flag*

---

[1] The defendant also argues that an 18-month non-compete clause he was subjected to is excessive and should be reduced to 12 months at the very least. The passage of time has mooted this issue, however; the non-compete clause expired during the pendency of this motion and the defendant therefore is free to engage in competitive activity except as limited by the preliminary injunction.

*Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 730 F. Supp. 1165, 1178 (D. Mass. 1989). "'A change in operative fact may serve as a basis for vacating a preliminary injunction.'" *Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 343 F. Supp. 3d 8, 12 (D. Mass. 2018) (quoting *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008)).

Here, Parzych contends that various facts ascertained through discovery have negated the plaintiffs' likelihood of success on the corporate opportunity and breach of contract claims. Among other things, he contends the evidence has demonstrated that ZipBy relied solely on Parzych to undertake due diligence on TCS rather than utilizing a team of TMA personnel to conduct a more complete and rigorous evaluation; ZipBy failed to pursue TCS despite opportunities to do so; and no evidence was adduced to suggest Parzych told ZipBy not to purchase TCS. Parzych also asserts that no evidence has been adduced to show that TCS and ZipBy were competitors within the meaning of his non-compete clause.

Having reviewed the motion, the parties' arguments, the court's earlier orders, and the record developed since the preliminary injunction was entered, the motion to vacate should be denied or held in abeyance for at least three reasons.

First, the defendant has not established that the plaintiffs now no longer have a likelihood of prevailing on their claims. On the contrary, the plaintiffs have adduced some evidence during

3

discovery that Parzych did recommend to TMA's CEO that they not buy TCS, and that ZipBy was engaged to a degree, even if only a small one, in parking guidance systems.

Second, the defendant's motion to vacate essentially asks the court to adjudicate the merits of the plaintiffs' breach-related claims in summary judgment fashion, but the parties have already filed cross motions for summary judgment on those same claims (and others) and those motions are presently pending and under consideration by the court. To this court, addressing the broader summary judgment motions first would be more practical where the court may in one swoop both determine whether there is a basis to vacate the injunction and potentially resolve other pending claims.

Finally, the plaintiffs contend that evidence adduced during discovery reveals that David Radford, a longtime friend and business associate of Parzych's, purchased TCS during the pendency of this suit, possibly as the defendant's agent, and for his ultimate benefit. *See* D. 241-3 at 25-29 (email authored by Parzych on April 9, 2021, stating, "It's my old company. Dave bought it and will hold it for me until the BS litigation is over"). If true, the defendant's conduct would appear to materially violate the court's injunction in the most direct way possible and warrant further examination. Indeed, the plaintiffs have moved for an order to show cause why the defendant should not be held in

contempt. (D. 164; 241; 252). Against this backdrop, it would not be fair to consider the defendant's request to vacate the injunction without first addressing the plaintiffs' concern that he has deliberately violated it.

Accordingly, I recommend that the defendant's motion to vacate the preliminary injunction (D. 178) be DENIED, without prejudice, or held in abeyance, pending resolution of the motions for summary judgment and questions regarding the defendant's violation of the preliminary injunction.[2]

/s/Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 29, 2022

---

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).