UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPBY USA LLC, TMA GROUP OF COMPANIES LIMITED, and TMA CAPITAL AUSTRALIA PTY LTD, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY PARZYCH, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> *   Civil Action No. 1:20-cv-10926-IT <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER
May 3, 2024

Plaintiff ZipBy USA LLC ("ZipBy USA") seeks $3,236,601.50 from Defendant Gregory Parzych for attorneys' fees and $209,895.18 in expert fees, and $41,255.07 in costs not otherwise taxable. Mot. for Att'y Fees [Doc. No. 377]; Cotter 3d Decl. ¶ 5 [Doc. No. 455-5 *sealed*]. For the reasons set forth herein, ZipBy USA's Motion is GRANTED in part and DENIED in Part.

**I.      ZipBy's Entitlement to Fees**

   A.   Fees Pursuant to the IP Agreement

Parzych was found to be in breach of several contracts with ZipBy USA, including the Employee Nondisclosure, Inventions and Intellectual Property Agreement (the "IP Agreement"). See Jury Verdict 2 [Doc. No. 373]; Mem. and Order 7–8 [Doc. No. 448]. ZipBy USA contends that the IP Agreement provides for the recovery of fees and costs incurred for work performed from the time of the filing of the Complaint in March 2020 through the recent disputes regarding securing the judgment in March 2024. Mot. for Att'y Fees 2 [Doc. No. 377]. The court agrees.

1

Under California law, a party that prevails on a contract claim is entitled to reasonable fees where the contract specifically provides for them. Cal Civ. Code § 1717(a).[1] The IP Agreement contains a provision entitled "Certain Remedies," which states:

> In the event of any breach or threatened breach of the provision of this Agreement, the Company shall be entitled to maintain an action for injunctive relief, it being agreed by the parties hereto that the substantial and irreparable harm which the Company would sustain upon any such breach is impossible to ascertain in advance and that the award of monetary damages therefore would be wholly inadequate, and the Employee shall be responsible for the Company's costs and expenses, including without limitation, reasonable attorneys' fees and court costs incurred in enforcing any of the covenants of this Agreement.

Cotter 1st Decl., Ex. A ¶ 6 (IP Agreement) [Doc. No. 379-1]. Parzych contends that the provision is limited exclusively to actions seeking injunctive relief. See Def.'s Oppo. 2 [Doc. No. 397]. But the provision allows for both injunctive relief without a separate showing of irreparable harm, and attorneys' fees and costs "incurred in enforcing" any of the covenants in the IP Agreement. This language does not exclude fees incurred in enforcing these covenants by a suit for damages once the breach has occurred.

Accordingly, ZipBy USA, as the prevailing party, is entitled to its reasonable fees and costs related to its IP Agreement contract claims.

### B. Fees Pursuant to 18 U.S.C. § 1836(b)(3)(D) and Mass. Gen. L. c. 93 § 42C

ZipBy USA requests attorneys' fees pursuant to federal and state trade secrets laws. But the underlying trade secret misappropriation claims failed as a matter of law. See Order [Doc. No. 448]. Accordingly, fees may not be awarded on this basis.

---

[1] The IP Agreement contains a choice-of-law clause providing that the contract shall be governed by California law. IP Agreement ¶ 12 [Doc. No. 379-1]. Cal. Civ. Code § 1717(a) states that "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

C. <u>Lanham Act</u>

ZipBy USA does not seek fees under the Lanham Act in connection with its Lanham Act claim. In any event, this was not an "exceptional case" of trademark infringement such that fees would be warranted. <u>See</u> 15 U.S.C. § 1117(a).

D. <u>Contempt Proceedings</u>

ZipBy USA previously filed a motion to show cause why Parzych should not be held in contempt for violation of the Preliminary Injunction [Doc. No. 54] prohibiting him from consummating the TCS acquisition. [Doc. No. 164]. In its present Motion, ZipBy USA again asks the court to find Parzych in contempt for violating the Preliminary Injunction based on the evidence submitted at trial indicating Parzych had attempted to acquire TCS after the injunction issued. ZipBy USA requests fees "as a result of the contumacious conduct and for the reasonable expenses they incurred in bringing the contempt to the attention of the court." Am. Mem. ISO Fees 7 [Doc. No. 380]. Where there has been no specific finding of contempt regarding the preliminary injunction and ZipBy USA's efforts in bringing a contempt motion were not the primary focus of the litigation, the court declines to award fees on that basis.

II. **Apportionment and Reasonableness of Fee Award**

Defendant argues that "in the event there is an award of attorneys' fees it should be reasonably related to the fees incurred only for the prosecution of the claims allowing for fees." Def.'s Oppo. 8 [Doc. No. 397]. The court agrees. "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [California Civil Code] section 1717 only as they relate to the contract action." <u>Reynolds Metals Co. v. Alperson</u>, 25 Cal. 3d 124, 129, 599 P.2d 83 (1979) (citation omitted). Accordingly, "[a] litigant may not increase his recovery of

3

attorney's fees by joining a cause of action in which attorney's fees are not recoverable to one in which an award is proper." Id. "Conversely, plaintiff's joinder of causes of action should not dilute its right to attorney's fees. Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." Id. at 129–30. Where an issue is "directly implicated in the contract action," separate fees associated with that issue need not be apportioned. See Pueblo Radiology Med. Grp., Inc. v. Gerlach, 163 Cal. App. 4th 826, 830 (2008); see also Carver v. Chevron USA, Inc., 97 Cal. App. 4th 132, 150 (2002) (where court had "adequate factual basis on which to conclude that the investigation and defense [of the contract claims against one defendant and non-contract claims against another defendant] were closely related and involved the same issues," no apportionment warranted).

 The case presented at trial primarily involved Parzych's breach of contract, with very little offered in connection with the unsuccessful claim of trade secret misappropriation, see Order 8–12 [Doc. No. 448] (describing Plaintiffs' failure to introduce evidence of trade secret misappropriation), or the successful Lanham Act claim (for which fees are not available). But the court cannot similarly assess the relative breakdown between the contract and non-contract claims of the case before it was assigned to this session. Under California law, ZipBy USA bears the burden of demonstrating how its attorney's fees should be apportioned between contract and non-contract claims. See Pulte Home Corp. v. Am. Safety Indem. Co., 14 Cal. App. 5th 1086, 1128 (2017). Where ZipBy USA has not attempted to break down the hours billed by its counsel from March 2020 through March 2024 based on the nature of the issues involved in the litigation, the court makes a conservative estimate of the breakdown and reduces the fee request

of $3,236,601.50, by one-third, the amount the court finds is likely proportional to the effort expended on those claims over the four-year course of this litigation.[2]

### III.    Non-taxable Costs

ZipBy USA also seeks costs of $209,895.18 in expert fees and an additional amount in costs not otherwise taxable. Mot. for Fees 1 [Doc. No. 377]; Cotter 3d Decl. [Doc. No. 455-5] (*sealed*); Doc. No. 455-8 (*sealed*). The court awards the $209,895.18 for expert fees as reasonable costs under the IP agreement, but finds the additional not otherwise taxable costs not reasonably contemplated by that agreement.

### IV.    Conclusion

As a result, the court shall award ZipBy USA total attorneys' fees in the amount of $2,157,734.33, and expert fees in the amount of $209,895.18, see Doc. Nos. 425-5 (*sealed*); 455-7 (*sealed*).

IT IS SO ORDERED.

May 3, 2024                                                              /s/ Indira Talwani
                                                                                  United States District Judge

---

[2] The statute also requires the court to determine whether the attorney's fees are "reasonable," see Cal. Civ. Code § 1717; the court so finds, where Parzych has not objected to either the hourly rates or the number of hours as unreasonable.