UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZIPBY USA LLC, TMA GROUP OF COMPANIES LIMITED, and TMA CAPITAL AUSTRALIA PARTY LTD, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:20-cv-10926-IT |
| GREGORY PARZYCH, | * * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 24, 2024

TALWANI, D.J.

On July 19, 2024, Plaintiffs filed a Motion for Trustee Process Attachment [Doc. No. 489]. The court granted the Motion, see Order [Doc. No. 496], but noted Defendant's objection at the hearing that certain of his assets were exempt from attachment. The court ordered further briefing on the issue, which the parties provided on July 19. [Doc. Nos. 502, 503]. Having considered the arguments, the court finds that Defendant's social security payments, 85% of his earned wages, and non-disbursed funds covered by M.GL. c. 235, § 34A and M.G.L. c. 236, § 28 are exempt from attachment. However, all other assets are non-exempt and are subject to trustee process attachment.

1. Retirement and pension plans

Defendant argues that because his retirement and Canadian pension plans are protected from

creditors pursuant to M.G.L. c. 235, § 34A[1] and M.G.L. c. 246 § 28,[2] any distributions from those accounts, regardless of purpose, are also protected. The cases cited by Defendant in support of his position are unavailing.

Defendant first cites In re Goldman, 192 B.R. 1 (D. Mass. 1996), for the proposition that the only limitation on Section 34A's exemption to the attachability of retirement funds is on deposits made within five years of an entry of judgment. Goldman discusses only the five-year limitation and no other potential limitations, but that is because the dispute in Goldman concerned the nature and timing of the funds being deposited into the retirement account, not the nature or use of any funds leaving the account. Goldman's silence on the latter question reveals nothing about whether funds distributed out of retirement accounts are exempt under the statute.

---

[1] M.G.L. c. 235, § 34A states that:

> The right or interest of any person in an annuity, pension, profit sharing or other retirement plan subject to the federal Employee Retirement Income Security Act of 1974, in any plan maintained by one or more self-employed individuals as a Keogh Plan, so-called, in any plan maintained by a corporation or other business organization pursuant to section 401(a) of the Internal Revenue Code but not subject to the federal Employee Retirement Income Security Act of 1974, or in any Simplified Employee Plan, annuity plan to which the provisions of section 403(b) of the Internal Revenue Code apply or Individual Retirement Account or Annuity maintained by an individual, or in any annuity or similar contract distributed from or purchased with assets distributed from any of the foregoing, shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court of competent jurisdiction concerning divorce, separate maintenance or child support or (ii), in the event of the conviction of such person of a crime, an order of a court requiring such person to satisfy a monetary penalty or make restitution to the victim of such crime. The exemption in this section for plans maintained by an individual, whether or not self-employed, shall not apply to sums deposited, determined without regard to deposits pursuant to a rollover or transfer except to the extent protection under this section would be limited in the absence of a rollover or transfer, in said plans during the five year period preceding the individual's declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period.

[2] M.G.L. c. 246, § 28 similarly protects a debtor's interest in his or her retirement or pension fund where that fund is managed by a trustee. It also limits a creditor's ability to collect on a debtor's earned income to 85% of the debtor's wages.

Defendant also cites <u>In re Donovan</u>, 2017 WL 377922 (Bankr. D. Mass. Jan. 25, 2017), where a debtor used funds from a retirement account to pay down debt, for the proposition that a debtor's use of funds does not render them non-exempt. But the <u>Donovan</u> court did not reach that precise issue because the exemption status of the debtor's retirement account was not disputed by the parties. <u>Id.</u> at *5 n.7 ("[T]he Trustee did not challenge the Debtor's claimed exemptions."). It is also unclear whether the debtor withdrew money from her retirement account before or after the bankruptcy proceedings began or whether the retirement account was of the type contemplated by Section 34A in the first instance. <u>See id.</u> Accordingly, <u>Donovan</u> does not help Defendant.

Finally, Defendant cites <u>In re LeClair</u>, 2011 WL 5282605 (Bankr. D. Mass. Nov. 2, 2011) for the same proposition: that a debtor's use of exempt funds does not render them non-exempt. In <u>LeClair</u>, a debtor used funds from her deceased husband's IRA to purchase an annuity. Annuities purchased using retirement funds are expressly exempted by Section 34A—that particular use of funds is legally distinct from the use of funds for discretionary purchases. <u>See</u> M.G.L. c. 235, § 34A ("<u>any annuity</u> or similar contract <u>distributed from or purchased with assets distributed from any of the foregoing</u> [retirement accounts], shall be exempt from the operation of any law relating to insolvency and shall not be attached . . . .") (emphasis added). Defendant ignores this. But this provision of the statute shows that the state legislature knew how to specify an exemption for "distribut[ions] or purchase[s]" made with retirement account funds—and when it did so, it limited the exemption to "annuit[ies] or similar contracts."

Plaintiffs, in turn, cite <u>Hoult v. Hoult</u>, 373 F.3d 47 (1st Cir. 2004) in which the First Circuit considered the proper interpretation of 29 U.S.C. § 1506(d)(1), a federal statute prohibiting the alienation or assignment of pension benefits. The court held that the statute "appl[ies] to benefits only while held by the plan administrator and not after they reach the hands of the beneficiary.

Hoult, 373 F.3d at 54. Applying general principals of trustee-beneficiary relationships, the court reasoned that "[o]nce benefits are distributed to the beneficiary, a creditor's rights are enforceable against the beneficiary, not against the plan itself." Id. at 55 (emphasis in original). Hoult is not directly applicable, where it is interpreting a different statute. But the case does counsel against Defendant's logic that any time a pension benefit is protected while being held for retirement, it also remains protected upon distribution.

In sum, the court finds here that when the funds in question leave the retirement and pension plans that are expressly exempted under Section 34, they become the assets of the beneficiary—in this case, the judgment debtor—and are reachable by that debtor's creditors.

    2.    Social security payments

Defendant's social security payments are not attachable. Section 407 clearly applies not just to funds held in a separately managed account, but also to "any future payment" due to the recipient. See 42 U.S.C. § 407; see also Hoult, 373 F.3d at 56 ("There is no question that § 407(a) . . . applies to benefits after they have been distributed to beneficiaries.") (citing Philpott v. Essex County Welfare Bd., 409 U.S. 413, 414–16 (1973)).

    3.    Wages

M.G.L. c. 246, § 28 exempts 85% of a debtor's earned wages from liability. Accordingly, the grant of attachment will not affect that portion of Defendant's income.

IT IS SO ORDERED

July 24, 2024　　　　　　　　　　　　　　　　/s/　　Indira Talwani
　　　　　　　　　　　　　　　　　　　　　　United States District Judge