UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZIPBY USA LLC, TMA GROUP OF COMPANIES LIMITED, and TMA CAPITAL AUSTRALIA PARTY LTD, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:20-cv-10926-IT |
| GREGORY PARZYCH, | * * | |
| Defendant. | * | |

MEMORANDUM AND ORDER
July 25, 2024
As amended, July 30, 2024

TALWANI, D.J.

In the pending post-judgment Motion for Preliminary Injunction [Doc. No. 480],

Plaintiffs seek an order (i) enjoining Defendant and others acting in concert from transferring

away or otherwise alienating or encumbering or disclaiming interest in his assets or inheritance;

(ii) enjoining Defendant from disclaiming or transferring to others any existing or prospective

gifts, inheritances, legacies, bequests, or any other transfers of property to Defendant from any

source; (iii) requiring Defendant to include counsel for Plaintiffs on any communication with the

trustee of his mother's estate concerning the estate, purported disclaimer of inheritance dated

March 28, 2024, and its retraction; and (iv) requiring Defendant to provide supplemental

discovery. The court treats the motion as a motion to aid in enforcement of the court's judgment

and grants it as set forth below.

## I.   Background

### A. The Verdict and Original Judgment

On December 4, 2023, a jury returned a verdict against Defendant Gregory Parzych

finding him liable to Plaintiffs ZipBy USA LLC and TMA Capital Australia Party Ltd

(collectively, "ZipBy") for $1.5 million in compensatory damages and $1 million in exemplary damages. [Doc. No. 373]. On December 13, 2023, this court issued a Judgment against Defendant in the amount of $2.5 million. [Doc. No. 375].

On March 20, 2024, the court issued an Electronic Order granting Plaintiffs' Unopposed Motion to Amend or Alter the Judgment [Doc. No. 400], and stating that the court would modify the judgment, inter alia, to award prejudgment interest to the compensatory damages award, and would issue an amended judgment after resolution of other post-trial motions. [Doc. No. 429].

B. *Defendant's Efforts to Transfer, Disclaim, and Hide Assets and the Court's Order to Defendant to Retract His Disclaimer*

On December 21, 2023, ZipBy served its first post-judgment interrogatories on Defendant. Dillman Decl., Ex. A [Doc. No. 491-1]. The interrogatories asked Defendant, inter alia, to disclose all sources of income available to him, all asset transfers he pursued, including but not limited to intrafamily and spousal transfers, and to describe any inheritance or beneficial interest in a trust or estate that he received during the relevant time period or expected to receive, including the assets of his recently deceased mother, Ruby Parzych.[1] On January 8, 2024, ZipBy filed an emergency Motion for a Temporary Restraining Order [Doc. No. 386]. That same day, the court issued a TRO, enjoining Defendant for fourteen days from "[t]ransferring or otherwise alienating or encumbering any assets [other than $12,000 per month] until the judgment and any attorneys' fees award are secured . . . ." Order [Doc. No. 398]. The Order specified that it applied to "any asset in which Mr. Parzych is an owner, co-owner, trustee, partner, member, shareholder, or any other asset over which he has any control or any management authority." Id. On January

---

[1] Defendant's mother passed away on June 1, 2023. Parzych Aff. ¶ 1 [Doc. No. 494-3].

23, with the parties' stipulation, the court extended the TRO to February 20, 2024. [Doc. No. 413].

On January 25, Defendant belatedly responded to ZipBy's first set of post-judgment interrogatories. Defendant disclosed that on December 20, 2023, after judgment had entered, Defendant's spouse transferred $432,584.47 from the couple's joint checking account at TD Bank, N.A. Dillman Decl., Ex. E (Def. Post-Judgment Interrogatory Resp. ¶ 17) [Doc. No. 491-5]. He did not disclose the September 2023 disbursement he had already received from a trust related to his mother's estate,[2] nor did he disclose the interest in his inheritance to which he was entitled under his deceased mother's will. See Def. Post-Judgment Interrogatory Resp. [Doc. No. 491-5]. On February 7, Defendant's counsel emailed ZipBy about the September 2023 stock transfer from Defendant's mother's estate. Dillman Decl., Ex. D [Doc. No. 436-4]. On February 15, Defendant submitted supplemental interrogatory responses which still did not disclose the interest in the inheritance to which he was entitled under his deceased mother's will. Id., Ex. B (Def. Post-Judgment Interrogatory Supp. Resp.) [Doc. No. 436-2]. Defendant's responses to the interrogatories and document production requests indicated that he did not have the requisite assets to cover the full amount of the Judgment.

On February 20, the court further extended the TRO until March 19, 2024. On March 25, ZipBy requested additional information about Defendant's inheritance from his mother's estate. Dillman Decl., Ex. E [Doc. No. 436-5]. On March 27, counsel for Defendant responded that "[w]e are working to obtain documentation confirming that Mr. Parzych does not stand to

---

[2] In September and October 2023, Defendant received two substantial deposits totaling $2,036,396.87 Canadian dollars from the sale of stocks and real property from this trust. Def. Post-Judgment Interrogatory Supp. Resp. ¶ 2 [Doc. No. 436-2].

receive anything from his late mother's estate beyond what has already been identified in our discovery responses (i.e., the proceeds from the sale of her condo and stock holdings)." Id.

On April 2, Defendant provided "supporting documents" to ZipBy regarding his expected inheritance in the form of a purported disclaimer of interest, see Mem. ISO Mot. for TRO at 5 [Doc. No. 435]. According to the "Disclaimer, Surrender of Interest in Estate, and Release of Estate Trustee In the Matter of the Estate of Ruby Fay Katherine Parzych," Defendant signed this document on March 28, 2024. Dillman Decl., Ex. F (Disclaimer) [Doc. No. 436-6]. In the document, Defendant purported to irrevocably disclaim his interest in his late mother's estate, but explicitly claimed that he "surrender[ed] such interest in favor of the heirs of the Estate to be determined as if I had predeceased the deceased." Id.[3]

On April 9, ZipBy filed an emergency Motion to Modify the TRO [Doc. No. 434] in light of Defendant's actions. At the April 11 motion hearing, the court found that Defendant's objections to further post-judgment discovery requests were waived due to Defendant's untimely response to ZipBy's first such request, see supra. The court also found Defendant's secretive efforts to disclaim his interest in the undisclosed inheritance improper and ordered Defendant to retract his purported disclaimer. The court noted that if Defendant had grounds to allow for that disclaimer, he could seek a modification of the court's order. No such request has been made.

On April 17, Parzych filed a declaration stating that he had executed a Revocation of Disclaimer, that he had so notified his Canadian counsel, and restating and reconfirming that he had revoked his disclaimer in his mother's estate. Parzych Decl. [Doc. No. 446].

---

[3] Pursuant to the terms of Ruby Parzych's will, any inheritance due to pass to Defendant would have passed to his daughter if he were to have predeceased his mother. See Dillman Decl., Ex. G (Hull & Hull Letter) [Doc. No. 436-7 *sealed*]. However, Canadian law treats a disclaimer as voiding a gift ab initio, see id., which would result in the will being interpreted as if the gift to Defendant had never existed, not as if he had predeceased the testator.

C. *The Amended Judgments and Appeals*

On April 19, the court entered an order granting in part and denying in part Parzych's

post-trial motions, and as relevant here, reversed the jury's award of $1 million in exemplary

damages. [Doc. No. 448]. On May 3, the court granted in part and denied in part ZipBy's <u>Motion</u>

<u>for Attorney Fees</u> [Doc. No. 377]. Order [Doc. No. 460]. The court thereafter entered an

<u>Amended Judgment</u> [Doc. No. 461]. On June 3, the court entered a <u>Second Amended Judgment</u>

[Doc. No. 471] to correct the amount of interest awarded, for a total judgment award of

$4,436,737.70.

On May 18, Defendant filed a <u>Notice of Appeal</u> [Doc. No. 464]; ZipBy filed a <u>Notice of</u>

<u>Appeal</u> two days later [Doc. No. 467]. After the court corrected the judgment on June 3, 2024,

Plaintiffs filed a <u>Notice of Appeal</u> [Doc. No. 475] as to the Second Amended Judgment.

At no point has Defendant sought a stay of the court's judgment.

D. *The Recent Motions*

On July 11, 2024, ZipBy filed the pending motion, which Defendant opposes. On July

18, ZipBy filed a <u>Motion for Trustee Process Attachment</u> [Doc. No. 489], which the court

granted in full on July 23. Order [Doc. No. 496]; Summonses [Doc. Nos. 497–501].

**II.    Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers

jurisdiction on the court of appeals and divests the district court of its control over those aspects

of the case involved in the appeal." <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58

(1982). The parties have filed cross-appeals of the court's <u>Order</u> [Doc. No. 448] ruling on

Defendant's <u>Motion for Judgment as a Matter of Law</u> [Doc. No. 381], <u>Motions for a New Trial</u>

[Doc. Nos. 390, 391], and <u>Amended Judgment</u> [Doc. No. 461]. <u>See</u> Notices of Appeal [Doc.

Nos. 464, 467, 475]. However, "although federal courts are courts of limited jurisdiction, they

often retain residual federal jurisdiction over postjudgment enforcement proceedings flowing from their original jurisdiction over the action. Ancillary enforcement jurisdiction . . . traditionally has an equitable and discretionary character." U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 496 (1st Cir. 2000). Here, although ZipBy styles its Motion as a motion for a preliminary injunction, ZipBy does not actually seek preliminary injunctive relief on any unresolved issues—instead, it seeks injunctive relief in the aid of effectuating the judgment entered by this court and avoiding further fraudulent transfers by the Defendant. The court therefore finds that it has supplemental ancillary jurisdiction over the present dispute despite the pending appeals. See id. ("Without this ability to enforce judgments rendered, 'the judicial power would be incomplete, and entirely inadequate for the purposes for which it was intended.'") (quoting Bank of the United States v. Halstead, 23 U.S. 51, 53 (1825)).

## III.   Discussion

### A.   *Trustee Process Attachment Is Not An Adequate Remedy*

Defendant argues that trustee process attachment is the proper means by which ZipBy should secure its judgment and that an injunction is overbroad and burdensome. Def. Opp'n. at 5 [Doc. No. 494]. Defendant is correct that trustee process is sufficient as to disclosed assets he currently holds. But Defendant ignores that (a) his non-exempt, disclosed assets are insufficient to cover the full value of the judgment, and (b) trustee process attachment does not secure any potentially undisclosed assets that Defendant may acquire. Accordingly, the availability of trustee process as to the disclosed assets Defendant currently holds does not sufficiently allow for the enforcement of the judgment. ZipBy's request for an injunction to protect dissipation of assets that Defendant may have failed to disclose or might subsequently acquire will be allowed in the form of a further order to provide discovery and a limited bar on transfer of undisclosed

assets. This disclosure and limited bar on transfer will allow Plaintiffs an opportunity to obtain trustee process attachment as appropriate.

B.  *Defendant Had No Legal Right to Disclaim His Inheritance Under Massachusetts Law*

Defendant next argues that Canadian law governs whether his March 28, 2024 disclaimer of his interest in his late mother's estate was valid and that any injunctive relief ordered by the court should not reach that issue. Def. Opp'n. at 7 [Doc. No. 494].

Issues regarding probate of assets held exclusively in Canada will ultimately be resolved by a Canadian court. But to the extent that Defendant has taken or seeks to take action to evade the judgment of this court, he remains subject to this court's jurisdiction and applicable Massachusetts law.

As a threshold matter, Defendant formally attested to this court on April 19, 2024, that he had revoked his disclaimer of his inheritance as of April 17, 2024. The court finds further that the March 28, 2024 disclaimer was void ab initio as an attempt to avoid the judgment of this court where Defendant was insolvent at the time of the disclaimer, see M.G.L. § 2-801 (disclaimers barred by, inter alia, "insolvency of the beneficiary at the time of attempted disclaimer"), and attempted in the disclaimer to direct how the interest purportedly disclaimed should be treated, i.e. as if he had predeceased the decedent. Any further attempts to disclaim his interests in an anticipated inheritance would similarly be improper while Defendant remains insolvent. Accordingly, the court will enjoin further attempts to disclaim his inheritance and continue to require that Defendant include counsel for Plaintiffs on any communications regarding his late mother's estate.

IV.    **Conclusion**

Accordingly, in light of the Second Amended Judgment [Doc. No. 471] entered on June

3, 2024, against Defendant Gregory Parzych in the amount of $1,500,000 in compensatory

damages, $31,573.94 in costs, $537,534.25 in prejudgment interest, $2,157,734.33 in attorneys'

fees, and $209,895.18 in expert fees, plus post-judgment interest; and for the reasons stated in

this Memorandum and Order:

IT IS HEREBY ORDERED:

(1)    Except as further stated below, Mr. Parzych and any person with whom he is in

any active concert or Participation with respect to the use and spending of assets, are hereby

ENJOINED from transferring away or otherwise alienating or encumbering or disclaiming

interest in his assets, without giving Plaintiffs fourteen days' notice of the intent to transfer away

or otherwise alienate or encumber such interest until the judgment and any attorneys' fees award

are secured by either a $5,000,000 bond or $5,000,000 in security obtained by trustee process

and/or attachment. "His assets" are defined as any asset in which Mr. Parzych is an owner, co-

owner, trustee, partner, member, shareholder, potential beneficiary, or holds any interest

(contingent or otherwise); or any other asset over which he has any control or any management

authority, and for purposes of this order covers both exempt and non-exempt assets.

Notwithstanding the foregoing, Mr. Parzych may use and spend his exempt wages and social

security payments, which are further described in the Court's July 24, 2024 memorandum and

order (Dkt. 504), subject to his obligation to retain the non-exempt 15% of his wages.

(2)    Mr. Parzych and any person with whom he is in any active concert or

Participation with respect to the use and spending of assets, are hereby ENJOINED from

transferring away or otherwise alienating or encumbering or disclaiming interest in his

8

inheritance or anticipated inheritance, until the judgment and any attorneys' fees award are secured by either a $5,000,000 bond or $5,000,000 in security obtained by trustee process and/or attachment.

      (3)     Mr. Parzych shall include counsel for Plaintiffs on any communications with the trustee of his mother's estate concerning the estate, purported disclaimer of inheritance dated March 28, 2024, and its retraction. Mr. Parzych shall immediately forward to Plaintiffs' counsel any further communications received from the trustee of his mother's estate concerning the estate, the purported disclaimer, and its retraction.

      (4)     Mr. Parzych shall provide supplemental discovery under Fed. R. Civ. P. 26(e)(1) within three business days of obtaining information responsive to Plaintiffs' discovery requests.[4]

This Order is effective immediately and shall remain in force until further order of this court.

Failure to comply with the terms of this Order may result in sanctions, including but not limited to contempt of court.

---

[4] "Plaintiffs' discovery requests" means the following:

**DOCUMENT REQUEST NO. 19.** All documents evidencing any amounts received or to be received by inheritance, through probate, from an estate, or as the beneficiary of a trust.

**INTERROGATORY 4.** Describe in detail any inheritance or beneficial interest in a trust or estate that You received during the relevant time period or expect to receive during or after the relevant time period, including but not limited to the estates and trusts of John Parzych and/or Ruby Parzych. In doing so, please identify:

    i.     The source of the inheritance or beneficial interest;
    ii.    The date You received or expect to receive the inheritance or beneficial interest;
    iii.   The Assets inherited or subject to the beneficial interest; and
    iv.   The value of the Assets inherited or subject to the beneficial interest.

Document Requests 1, 10, 11, 12, 13, and 15, in which Plaintiffs seek information on assets Mr. Parzych "claim[s] any interest in" and Interrogatory 13 in which Plaintiffs seek information regarding "trusts" Mr. Parzych holds or claims "a vested or contingent interest in." See Doc. No. 441-1 (Interrogatories) and 441-2 (Document Requests).

Security in the amount of $5,000.00 has been imposed on and shall be paid into the court by Plaintiffs.

IT IS SO ORDERED

July 25, 2024
Amended, July 30, 2024

/s/ *[signature]*

United States District Judge